IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

NATASHA ANN FINLEY, )
)
    Plaintiff, )
)
  -vs- ) Civil Action No. 15-230
)
CAROLYN W. COLVIN, )
COMMISSIONER OF SOCIAL SECURITY, )
)
    Defendant. )

AMBROSE, Senior District Judge

## OPINION

Pending before the Court are Cross-Motions for Summary Judgment. (ECF Nos. 9 and 11). Both parties have filed Briefs in Support of their Motions. (ECF Nos. 10 and 12). After careful consideration of the submissions of the parties, and based on my Opinion set forth below, I am granting Plaintiff's Motion for Summary Judgment (ECF No. 9) and denying Defendant's Motion for Summary Judgment. (ECF No. 11).

### I. BACKGROUND

Plaintiff brought this action for review of the final decision of the Commissioner of Social Security ("Commissioner") denying her applications for supplemental security income ("SSI") and disability insurance benefits ("DIB") pursuant to the Social Security Act ("Act"). Plaintiff filed her applications alleging she had been disabled since January 1, 2011. (ECF No. 7-7, pp. 2, 10). Administrative Law Judge ("ALJ"), William Bezego, held a hearing on May 20, 2014. (ECF No. 7-2, pp. 38-75). On June 13, 2014, the ALJ found that Plaintiff was not disabled under the Act. (ECF No. 7-2, pp. 28-36).

After exhausting all administrative remedies, Plaintiff filed the instant action with this court. The parties have filed Cross-Motions for Summary Judgment. (Docket Nos. 9 and 11). The issues are now ripe for review.

## II. LEGAL ANALYSIS

### A. Standard of Review

The standard of review in social security cases is whether substantial evidence exists in the record to support the Commissioner's decision. *Allen v. Bowen,* 881 F.2d 37, 39 (3d Cir. 1989). Substantial evidence has been defined as "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate." *Ventura v. Shalala,* 55 F.3d 900, 901 (3d Cir. 1995), *quoting Richardson v. Perales,* 402 U.S. 389, 401 (1971). Additionally, the Commissioner's findings of fact, if supported by substantial evidence, are conclusive. 42 U.S.C. §405(g); *Dobrowolsky v. Califano,* 606 F.2d 403, 406 (3d Cir. 1979). A district court cannot conduct a *de novo* review of the Commissioner's decision or re-weigh the evidence of record. *Palmer v. Apfel,* 995 F.Supp. 549, 552 (E.D. Pa. 1998). Where the ALJ's findings of fact are supported by substantial evidence, a court is bound by those findings, even if the court would have decided the factual inquiry differently. *Hartranft v. Apfel*, 181 F.3d 358, 360 (3d Cir. 1999). To determine whether a finding is supported by substantial evidence, however, the district court must review the record as a whole. *See,* 5 U.S.C. §706.

To be eligible for social security benefits, the plaintiff must demonstrate that he cannot engage in substantial gainful activity because of a medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of at least 12 months. 42 U.S.C. §423(d)(1)(A); *Brewster v. Heckler,* 786 F.2d 581, 583 (3d Cir. 1986).

The Commissioner has provided the ALJ with a five-step sequential analysis to use when evaluating the disabled status of each claimant. 20 C.F.R. §404.1520(a). The ALJ must determine: (1) whether the claimant is currently engaged in substantial gainful activity; (2) if not, whether the claimant has a severe impairment; (3) if the claimant has a severe impairment,

2

whether it meets or equals the criteria listed in 20 C.F.R., pt. 404, subpt. P., appx. 1; (4) if the impairment does not satisfy one of the impairment listings, whether the claimant's impairments prevent him from performing his past relevant work; and (5) if the claimant is incapable of performing his past relevant work, whether he can perform any other work which exists in the national economy, in light of his age, education, work experience and residual functional capacity. 20 C.F.R. §404.1520. The claimant carries the initial burden of demonstrating by medical evidence that he is unable to return to his previous employment (steps 1-4). *Dobrowolsky*, 606 F.2d at 406. Once the claimant meets this burden, the burden of proof shifts to the Commissioner to show that the claimant can engage in alternative substantial gainful activity (step 5). *Id.*

A district court, after reviewing the entire record may affirm, modify, or reverse the decision with or without remand to the Commissioner for rehearing. *Podedworny v. Harris,* 745 F.2d 210, 221 (3d Cir. 1984).

### B.    Residual Functional Capacity ("RFC")[1]

Plaintiff asserts the ALJ erred in weighing the medical evidence resulting in an improper RFC.[2] (ECF No. 10, pp. 10-15). Specifically, Plaintiff argues that the ALJ erred in giving little weight to Plaintiff's treating physician, Dr. Grande. *Id.* The amount of weight accorded to medical opinions is well-established. Generally, the ALJ will give more weight to the opinion of a source who has examined the claimant than to a non-examining source. 20 C.F.R. § 416.927(c)(1). In addition, the ALJ generally will give more weight to opinions from a treating

---

[1] RFC refers to the most a claimant can still do despite his limitations. 20 C.F.R. §§ 404.1545(a), 416.945(a). The assessment must be based upon all of the relevant evidence, including the medical records, medical source opinions, and the individual's subjective allegations and description of his own limitations. 20 C.F.R. § 416.945(a).

[2] The ALJ found that Plaintiff had the RFC to perform sedentary work, except "she is limited to jobs that do not require working at unprotected heights, around dangerous machinery, or around other similar workplace hazards; and she must be allowed to alternate between sitting and standing every 20-30 minutes." (ECF No. 7-2, p. 31).

3

physician, "since these sources are likely to be the medical professionals most able to provide a detailed, longitudinal picture of [a claimant's] medical impairment(s) and may bring a unique perspective to the medical evidence that cannot be obtained from the objective medical findings alone or from reports of individual examinations, such as consultative examinations or brief hospitalizations." *Id.* § 416.927(c)(2). If the ALJ finds that "a treating source's opinion on the issue(s) of the nature and severity of [a claimant's] impairment(s) is well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence [of] record," he must give that opinion controlling weight. *Id.* Also, "the more consistent an opinion is with the record as a whole, the more weight [the ALJ generally] will give to that opinion." *Id.* § 416.927(c)(4).

In the event of conflicting medical evidence, the Court of Appeals for the Third Circuit has explained:

> "A cardinal principle guiding disability determinations is that the ALJ accord treating physicians' reports great weight, especially 'when their opinions reflect expert judgment based on continuing observation of the patient's condition over a prolonged period of time.'" *Morales v. Apfel*, 225 F.3d 310, 317 (3d Cir. 2000) (*quoting Plummer v. Apfel*, 186 F.3d 422, 429 (3d Cir. 1999)). However, "where . . . the opinion of a treating physician conflicts with that of a non-treating, non-examining physician, the ALJ may choose whom to credit" and may reject the treating physician's assessment if such rejection is based on contradictory medical evidence. *Id.* Similarly, under 20 C.F.R. § 416.927(d)(2), the opinion of a treating physician is to be given controlling weight only when it is well-supported by medical evidence and is consistent with other evidence in the record.

*Becker v. Comm'r of Social Sec. Admin.*, No. 10-2517, 2010 WL 5078238, at *5 (3d Cir. Dec. 14, 2010). Although the ALJ may choose whom to credit when faced with a conflict, he "cannot reject evidence for no reason or for the wrong reason." *Diaz v. Comm'r of Soc. Security*, 577 F.3d 500, 505 (3d Cir. 2009).

In this case, the ALJ gave Dr. Grande's opinion little weight for various reasons. (ECF No. 7-2, pp. 34-35). These reasons (internal inconsistency and inconsistent with other evidence of record), on their face, seem to be valid and acceptable reasons for discounting opinion

4

evidence. 20 C.F.R. §404.1527 (evaluating opinion evidence). However, there was no other opinion evidence of record regarding Plaintiff's limitations. (ECF No. 7-2, pp. 34-35). While there was a state agency initial determination, the determiner stated that "[t]here was insufficient evidence to assess" Plaintiff's limitations due to her "failure to cooperate." (ECF No. 7-3, pp. 4, 7). In other words, there is no other opinion evidence of record regarding Plaintiff's functional abilities upon which the ALJ could have relied upon in forming the RFC for Plaintiff. "Rarely can a decision be made regarding a claimant's [RFC] without an assessment from a physician regarding the functional abilities of the claimant." *Gormont v. Astrue,* No. 11-2145, 2013 WL 791455 at *7 (M.D. Pa. Mar. 4, 2013), *citing Doak v. Heckler,* 790 F.2d 26 (3d Cir. 1986). Furthermore, "an administrative law judge lacks the expertise to ascertain a claimant's residual functional capacity from raw medical data." *Moffatt v. Astrue*, No. CIV.A. 10-226, 2010 WL 3896444, at *6 (W.D. Pa. Sept. 30, 2010) (citations omitted). Based on a review of the record, I am unable to determine if Plaintiff's RFC is based on substantial evidence since he rejected the only medical opinion evidence of record. (ECF No. 7-2, pp. 34-35).

Consequently, remand is warranted on this basis. On remand, the ALJ should order a consultative examination.

### C. <u>Credibility</u>

Additionally, Plaintiff submits that the ALJ erred in assessing his credibility. (ECF No. 10, pp. 15-18). To be clear, an ALJ is charged with the responsibility of determining credibility. *Smith v. Califano,* 637 F.2d 968, 972 (3d Cir. 1981); *Baerga v. Richardson,* 500 F.2d 309, 312 (3d Cir. 1974), *cert. denied,* 420 U.S. 931 (1975). The ALJ must consider "the entire case record" in determining the credibility of an individual's statement. SSR 96-7p. The ALJ's decision "must contain specific reasons for the finding on credibility, supported by the evidence in the case record, and must be sufficiently specific to make clear to the individual and to any subsequent

reviewers the weight the adjudicator gave to the individual's statements and the reason for that weight." *Id.* I must defer to the ALJ's credibility determinations, unless they are not supported by substantial evidence. *Smith v. Califano*, 637 F.2d 968, 972 (3d Cir. 1981); *Baerga v. Richardson*, 500 F.2d 309, 312 (3d Cir. 1974), *cert. denied*, 420 U.S. 931 (1975).

In this case, the ALJ found Plaintiff was not entirely credible (ECF No. 8-2, p. 31). Since I am remanding this case because I find the RFC is not based on substantial evidence, the ALJ's credibility determination cannot stand. It must be reviewed again on remand. Therefore, remand on the issue of credibility is warranted.

An appropriate order shall follow.

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

NATASHA ANN FINLEY,                )
                                   )
                Plaintiff,         )
                                   )
    -vs-                           )    Civil Action No.   15-230
                                   )
CAROLYN W. COLVIN,                 )
COMMISSIONER OF SOCIAL SECURITY,   )
                                   )
                Defendant.         )

AMBROSE, Senior District Judge

**ORDER OF COURT**

THEREFORE, this 4th day of October, 2016, it is ordered that Plaintiff's Motion for Summary Judgment (Docket No. 9) is granted and Defendant's Motion for Summary Judgment (Docket No. 11) is denied.

It is further ordered that the decision of the Commissioner of Social Security is hereby vacated and the case is remanded for further administrative proceedings consistent with the foregoing opinion.

                          BY THE COURT:

                          s/   Donetta W. Ambrose
                          Donetta W. Ambrose
                          United States Senior District Judge